800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Willard CASTLE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 85-1154.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1986.
Decided Sept. 11, 1986.
 
 C. Randall Lowe, Yeary, Tate & Lowe, for appellant.
 George R. Salem, Deputy Sol., Donald S. Shire, Assoc. Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Sylvia T. Kaser, Atty., U.S. Dept. of Labor, for appellee.
 Ben. Rev. Bd.
 REMANDED.
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 J. Willard Castle moves this Court for summary remand of his claim filed pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. 5 901 et seq . Castle argues that the Administrative Law Judge (ALJ) should have raised the presumption that he was disabled under 20 C.F.R. 5 727.203(a) (1) based on x-ray evidence indicating the presence of pneumoconiosis. The respondent admits that the evidence is sufficient to trigger the presumption but argues that the evidence as a whole mandates a finding that the presumption has been rebutted as a matter of law.
 
 
 2
 In light of this Court's recent decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), our review of tlie record indicates that summary remand is appropriate in this case. The ALJ should have invoked the presumption based on the x-ray evidence read positive for pneumoconiosis. As the ALJ did not invoke the presumption, and thus did not address the question of rebuttal, we decline to hold that there has been rebuttal of the presumption as a matter of law. We, therefore, remand this case for further proceedings consistent with our decision in Stapleton. We dispense with oral argument as it would not significantly aid the decisional process.
 
 REMANDED